## Ohio Supreme Court
## SYLLABI

TAX COMMISSION v. GLASS, et.

Ohio Supreme Court.

No. 21173. Decided Nov. 21, 1928.
Error to Greene Appeals.
Judgment Affirmed.

MATTHIAS, J.
**TAXES.**
(560 I2) Where property is devised upon conditions which the devisee rejects by renouncing the devise, there is no "passing of the property in possession or enjoyment, present or future," and Section 5332, General Code, does not authorize the levying of a succession tax thereon.

Marshall, CJ., Allen, Kinkade and Robinson, JJ., concur.

---

STATE ex SCHORR v. VINER et. etc.

Ohio Supreme Court.

No. 21325. Decided Nov. 21, 1928.
In Prohibition.
Writ allowed.

JONES, J.
**OFFICE & OFFICERS.**
(400 F) Statutes or ordinances forfeiting the official position of an incumbent are penal in their nature, should be strictly construed and should not have their scope extended so as to include offenses not clearly within their provisions.

**MUNICIPAL CORPORATIONS.**
(360 C) In ascertaining the meaning of doubtful terms contained in a city charter, recourse may be had to its various titles as an aid in construction. Measured by the foregoing rules of construction, the relator is not in the "administrative service" of the city within the purview of Section 4, Article 5, of the city charter.

Day, Kinkade, Robinson and Matthias, JJ., concur. Marshall, CJ., not participating.

---

DAMASCUS MFG. CO. v. UNION TR. CO.

Ohio Supreme Court.

No. 20877. Decided Nov. 21, 1928.
Error to Cuyahoga Appeals.
Reversed. Com. Pl. affirmed.

ROBINSON, J.
**BANKS & BANKING.**
(70 D3d) The rules and regulations of a corporation depositor pertaining to the mode by which its deposits may be disbursed, after a copy of such rules and regulations has been duly served upon its bank of deposit, become a governing part of the implied contract between such corporation and such bank as to existing and future deposits of such corporation with such bank.

**CORPORATIONS.**
(160 N2) A corporation upon which notice has been served can not escape the obligations arising out of the knowledge imputed to it by such notice by securing an additional charter and assuming an additional name, where it makes the ownership of stock in each corporation dependent upon ownership of stock in the other and in the same proportion.

(160 C6) An incorporated bank upon which a copy of the rules and regulations of a depositor corporation have been served, imposing additional duties upon the bank, can not avoid the duties so imposed by organizing its stockholders into a new corporation with a new name, where the relationship of its stockholders to each other and to the business is in no way altered by such additional incorporation. In such a case a court will look through the form to the substance and will disregard the fiction of separate entity.

Day, Allen, Kinkade and Matthias, JJ., concur.

---

RIEGEL v. BELT, Admr.

Ohio Supreme Court.

No. 21121. Decided Nov. 21, 1928.
Error to Fairfield Appeals.
Judgment affirmed.

MARSHALL, CJ.
**REAL ESTATE.**
(510 M4r) When the granting clause in a mortgage makes the conveyance subject to a prior unrecorded mortgage the grantee acquires only an equity of redemption, and his estate can only be enlarged by the payment or discharage of the prior mortgage.

(510 M4s) The renewal of such prior mortgage after the execution and delivery of the junior mortgage will not affect its priority.

(510 M4t) The purpose of a mortgage is to secure the payment of a debt. A note described in the condition of a mortgage is only evidence of the debt. No change in the form of the evidence, or the mode or time of payment, not amounting to actual payment of the debt, or an express release, will operate to discharge the mortgage.

(510 M4u) Whether a new note and mortgage operates as a renewal or payment depends upon the agreement of the parties. Where no receipt is given for the amount of the debt, and no release or satisfaction of the mortgage is executed, the presumption is that the later note and mortgage were not intended to pay and discharge the earlier.

**ERROR PROCEEDINGS.**
(260 W) Where evidence is not contradictory but susceptible of various interpretations a reviewing court in an error proceeding will not substitute its interpretation for that of the trial court unless the interpretation made by the trial court is clearly unwarranted.

Allen, Kinkade, Robinson and Jones, JJ., concur.

## Weekly Report of
## NEW CASES DOCKETED

Nov. 15, 1928
21415—Englander Motor Co. v. Degaetina; motion for Cuyahoga Appeals to certify. Bernon, Mulligan, Keeley & La Fever, Cleveland, for pltff; Kavanaugh, Jones & Drake and Gentsch & Lang, Cleveland, for deft.

21416—Boich v. P. U. C.; motion by plaintiff for stay of execution. Thornberg & Lewis, St. Clairsville, for pltff.; E. C. Turner and A. M. Calland, Columbus, for deft.